**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, vs. **JOSEPH NELSON SPENCER, JR.**, Defendant. | No. 03-CR-4134-DEO  ORDER |

This matter comes before the Court on the Defendant's pro se Motion For Compassionate Release, Docket No. 185.

## I. BACKGROUND

On December 18, 2003, the Grand Jury indicted Mr. Spencer on numerous counts related to the manufacture and distribution of methamphetamine and other drugs. Docket No. 1. Mr. Spencer proceeded to trial pro se. On September 28, 2004, a Jury convicted Mr. Spencer of six counts.[1] The Court subsequently sentenced Mr. Spencer to 181 months. Docket No. 150. Mr. Spencer appealed, and the 8th Circuit Court of

---

[1] The Court later granted a Motion for a New Trial on one count, (Count 5 in the Third Superceding Indictment.) The Government did not pursue that issue and the Count 5 was dismissed.

Appeals affirmed his conviction. United States v. Spencer, 439 F.3d 905, 908 (8th Cir. 2006).

On May 15, 2014, Mr. Spencer filed a pro se Motion for Compassionate Release, pursuant to 18 U.S.C. § 3582(c)(1).[2] In his Motion, Mr. Spencer states that:

> I wish to beg the pardon of the Court to please consider granting me a compassionate release. I have now done 123 months of a 181 month sentence. I have been a model prisoner during this time. I have worked my way down from a [] penitentiary to a camp. I now have community custody. I posed no threat to the community before incarceration and would not do so now. I was no big time drug dealer. I was not selling drugs. I was just a person who chose to do drugs. I did not encourage or advocate others to choose the path I chose. I had no money, all my prior troubles were minor troubles with drug use. This can be verified by looking at my pre-sentence investigation report.
>
> I am now at Butner Federal Medical Center. I was sent here for treatment of cancer. It appears I have two different types of cancer. This could not have been foreseen at the time of my sentencing. I will be 71 years old in July of this year. I have the support of my family, whom I have not seen in several years. My grandchildren have

---

[2] Mr. Spencer did not cite 18 U.S.C. § 3582(c)(1) in his pleading. However, pro se pleadings are to be liberally construed and the Court understands that is the statute to which he is referring.

> been growing up without me in their lives. Some are now having children of their own, which I have never seen. If the Court would be so gracious as to grant my most humble request I can ensure the Court that society has no reason to fear my return to the community. Also, my family would be most appreciative to the Court that I might be with them to enjoy the remaining years of my existence with them.

Docket No. 185.

## II. ANALYSIS

The Court's ability to change a sentence after it has been imposed is extremely limited. One way a court may modify a sentence is through "compassionate release" as outlined in 18 U.S.C. § 3582(c)(1).[3] 18 U.S.C. § 3582 (c)(1) states in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that-- (1) in any case-- (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the

---

[3] "A sentence reduced pursuant to [§ 3582 (c)(1)] is sometimes referred to as a "compassionate release." Pinkley v. Anderson, Civ. No. 06-2461, 2006 WL 2671074, at *1 (D. Minn. 2006)." Smoke v. United States, 2009 WL 5030770 (D. Minn. 2009).

3

> factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure...

Only the court that imposed the sentence may modify the sentence pursuant to § 3582(c). Braswell v. Gallegos, 82 F. App'x 633, 635 (10th Cir. 2003).

Mr. Spencer's Motion makes it clear that he has met two factors to be considered under 18 U.S.C. § 3582 (c)(1): he is over 70 years of age and has a compelling reason (cancer) to have his sentence reduced. However, as set out above, the Court can only consider a compassionate release request if it is brought "upon motion of the Director of the Bureau of Prisons." What that means is that Mr. Spencer cannot file

4

this type of Motion.  Only the Director of the BOP can move to have a prisoner released on passionate release grounds.  Because the Director of the BOP has not moved to have Mr. Spencer released, the Court has no authority to consider this request and it must be denied.[4]

**III. CONCLUSION**

For the reasons set out above, the Defendant's pro se Motion, Docket No. 185, is denied.  However, this denial is without prejudice and the Court will consider any Motion properly brought by the Director of the BOP.

**IT IS SO ORDERED** this 4th day of June, 2014.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

---

[4] The Court notes that Mr. Spencer does not meet the additional requirements of 18 U.S.C. § 3582 (c)(1), as he has not served thirty years nor has the Director of the BOP certified that Mr. Spencer is not a danger to the community.

5